UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROBERT DOYLE,

            *Plaintiff*,

-against-

MIDLAND CREDIT MANAGEMENT, INC.,

            *Defendant*.

Civil Action No.: CV11-5571

COMPLAINT

FILED IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 14 2011 ★
BROOKLYN OFFICE

GLEESON, J.
CARTER, M.J.

SUMMONS ISSUED

## INTRODUCTION

1. This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Plaintiff seeks statutory damages, attorney's fees, and costs.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. This Court has personal jurisdiction over Defendant, Midland Credit Management, Inc. ("MCM"), pursuant to N.Y. CPLR §§ 302(a)(2) and 302(a)(3)(i).

4. For at least five years, and continuing to the present, MCM, as part of its business, has persistently called telephone numbers with New York State area codes, such telephone numbers belonging to individuals who MCM has known to reside in New York State.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff, Robert Doyle ("Doyle"), is, and was at all relevant times herein, a resident of this District.

7. MCM is, and was at all relevant times herein, a corporation organized and existing under the laws of Kansas, and maintains its executive offices at 8875 Aero Drive, Suite 200, San Diego, California 92123.

## FACTS

8. MCM is, and was at all relevant times herein, a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

9. On or about September 25, 2011, MCM placed a telephone call to Doyle's cellular telephone, the area code of Plaintiff's telephone number having been 786.

10. When Doyle answered his telephone, MCM played a prerecorded message requesting Doyle to hold on.

11. Doyle waited on hold for at least five minutes before a representative of MCM appeared on the telephone line.

12. The MCM representative asked to speak with a person who was not Plaintiff and whose name Plaintiff did not recognize, in connection with an account with an entity with which Plaintiff has never had an account.

13. MCM's telephone call to Doyle concerned a "debt" as defined by 15 U.S.C. § 1692a(5).

14. MCM's telephone call to Doyle constituted a "communication" as defined by 15 U.S.C. 1692a(2).

15. MCM's telephone call to Doyle was made in connection with the collection of a debt.

16. Upon information and belief, the "unknown person" had not given prior consent directly to MCM to communicate with Doyle.

17. Upon information and belief, MCM had not obtained, from a court of competent jurisdiction, the express permission to call Doyle.

18. Upon information and belief, MCM's telephone call to Doyle were not reasonably necessary to effectuate a post-judgment judicial remedy.

19. During MCM's telephone call to Doyle, Plaintiff was not told that MCM was seeking

to confirm or correct location information concerning a consumer.

20. To the least sophisticated consumer, the natural consequence of the receipt of MCM's call would have been to feel harassed, oppressed, or abused.

## FIRST CAUSE OF ACTION

### [Violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b)]

21. Doyle repeats and realleges each and every allegation contained in paragraphs "1" through "20" as if fully set forth herein.

20. MCM's telephone call to Doyle violated 15 U.S.C. § 1692c(b).

21. As a result of the foregoing, Doyle is entitled to damages as provided by 15 U.S.C. § 1692k(a).

## SECOND CAUSE OF ACTION

### [Violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692d]

21. Doyle repeats and realleges each and every allegation contained in paragraphs "1" through "20" as if fully set forth herein.

23. MCM's telephone call to Doyle violated 15 U.S.C. § 1692d.

24. As a result of the foregoing, Doyle is entitled to damages as provided by 15 U.S.C. § 1692k(a).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Damages, pursuant to 15 U.S.C. § 1692k(a), in the amount of $1,000.00; and

(b) Costs, disbursements, and reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Dated: November 14, 2011

Yours, etc.,

_____
TODD C. BANK
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
TB-6825

*Counsel to Plaintiff*