UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION ONLY

---

ROBERT DOYLE,

                              Plaintiff,

- versus -

MIDLAND CREDIT MANAGEMENT, INC.,

                              Defendant.

MEMORANDUM  
AND ORDER  
11-CV-5571 (JG) (MDG)

A P P E A R A N C E S:

    LAW OFFICE OF TODD C. BANK  
        119-40 Union Turnpike, 4th Floor  
        Kew Gardens, New York 11415  
    By:    Todd C. Bank  
        *Attorney for Plaintiff*

    MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN  
        140 Broadway, 19th Floor  
        New York, New York 10005  
    By:    Jeffrey J. Imeri  
        *Attorney for Defendant*

JOHN GLEESON, United States District Judge:

        Robert Doyle commenced this action against Midland Credit Management, Inc. ("MCM") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Doyle alleges that MCM, a debt collector, violated the FDCPA through a series of telephone calls to Doyle's cellular telephone in 2011. MCM moves to dismiss the amended complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") for lack of subject matter jurisdiction. I heard oral argument on this motion on October 19, 2012. For the reasons stated below, MCM's motion to dismiss is granted.

BACKGROUND

The background of this case is incorporated in my order dated May 11, 2012. That order dismissed the amended complaint as to Doyle's claim under § 1692c(b) but denied dismissal as to his remaining claims under § 1692d. MCM filed its answer on May 25, 2012. On June 11, 2012, pursuant to the provisions of Fed.R.Civ.P. 68, MCM served Doyle with an offer of judgment in the amount of $1,001, plus costs and reasonable attorney's fees, incurred by Doyle up to the acceptance of the offer. Doyle did not accept this offer. On August 27, 2012, MCM filed the present motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

DISCUSSION

A.     *Standard of Review*

When evaluating a motion to dismiss under Rule 12(b)(1), the court must distinguish between two types of challenges. *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001). A facial challenge contests the legal sufficiency of the plaintiff's jurisdictional allegations as set forth in the complaint. *Id.*; *see also Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 887 n.15 (2d Cir. 1996) (describing a facial challenge as one attacking "the sufficiency of the jurisdictional facts alleged, not the facts themselves"). A factual challenge disputes the accuracy of the facts alleged in the complaint or otherwise suggests that the district court in fact lacks subject matter jurisdiction. *Robinson*, 269 F.3d at 140; *see also Guadagno v. Wallack Ader Levithan Assoc.*, 932 F.Supp. 94, 95 (S.D.N.Y. 1996) (describing a factual challenge as one "based on extrinsic evidence"), *aff'd* 125 F.3d 844 (2d Cir. 1997).

The nature of the challenge determines the manner in which the court decides the motion. In a facial challenge, it "must take all facts alleged in the complaint as true and draw all

reasonable inferences in favor of plaintiff." *Robinson*, 269 F.3d at 140 (quoting *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000)). But in a factual challenge, the court may consider evidence outside the pleadings relevant to the jurisdictional question in deciding the motion. *See id.; Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In both instances, the burden rests on the plaintiff to satisfy the court by a preponderance of the evidence that jurisdiction is proper. *Makarova*, 201 F.3d at 113.

MCM's motion constitutes a factual challenge. It does not contest the legal sufficiency of Doyle's jurisdictional allegations as set forth in the amended complaint. Rather, the motion asserts that MCM's offer of judgment renders this action moot, depriving this Court of subject matter jurisdiction. Accordingly, I consider the evidence presented by the parties, including the amended complaint and the parties' filings and the exhibits attached thereto.

B.      *Analysis of Rule 68 Offer of Judgment and Mootness*

MCM's motion to dismiss rests on the argument that it served Doyle with a Rule 68 offer of judgment in "an amount exceeding the maximum recovery available to Plaintiff under the FDCPA," rendering this action moot.[1] Def.'s Mem. Supp. Mot. Dismiss 7, ECF 24.

The Constitution limits the jurisdiction of federal courts to "actual cases and controversies." U.S. Const. Art. III Sec. 2. A claim becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The "legally cognizable interest" can also be understood "as a requirement that a plaintiff have a 'personal stake' in the litigation." *Fox. v. Board of Trustees of State University*

---

[1] Rule 68 provides that a defendant "may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed.R.Civ.P. 68(a). If "unaccepted" within 14 days of service, the offer is "considered withdrawn." Fed.R.Civ.P. 68(b). Rule 68 further provides that if the judgment the plaintiff ultimately obtains "is not more favorable than the unaccepted offer," the plaintiff "must pay the costs incurred after the offer was made." Fed.R.Civ.P. 68(d).

3

*of New York*, 42 F.3d 135, 140 (2d Cir. 1994) (citing *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)). When the plaintiff no longer maintains a "personal stake" in the litigation, a court lacks subject matter jurisdiction over the action and the case must be dismissed. *Id.*; *In re Zarnel*, 619 F.3d 156, 162 (2d Cir. 2010) ("[Mootness] occurs when interim relief or events have eradicated the effects of the defendant's act or omission . . . .") (citations and internal quotation marks omitted).

One manner in which the plaintiff can lose his "personal stake" in the litigation is where "a defendant offers a plaintiff the maximum the plaintiff could possibly recover at trial." *Louisdor v. American Telecommunications*, 540 F.Supp.2d 368, 372 (E.D.N.Y. 2008); *see Abrams v. Interco*, 719 F.2d 23, 32 (2d Cir. 1983)) ("[T]here is no justification for taking the time of the court and the defendant in the pursuit of [a] miniscule individual claim[ ] which defendant has more than satisfied."). The Second Circuit has not specifically addressed whether a FDCPA case may be mooted by an offer of judgment. But several other Courts of Appeals have considered the issue and held that an offer of judgment for the full amount of damages recoverable by the plaintiff moots a FDCPA case. *See Marschall v. Recovery Solution Specialists, Inc.*, 399 F.App'x 186, 187-88 (9th Cir. 2010) (summary order); *Thomas v. Law Firm of Simpson & Cybak*, 244 F.App'x 741, 743-44 (7th Cir. 2007) (summary order); *Goodmann v. People's Bank*, 209 F.App'x 111, 114-15 (3d Cir. 2006) (summary order). District courts within this Circuit have also consistently applied this line of reasoning in the context of claims under the FDCPA. *Milton v. Rosicki, Rosicki & Associates, P.C.*, No. 02-cv-3052, 2007 WL 2262893, at *2 (E.D.N.Y. 2007) ("Where a defendant offers judgment in an FDCPA case for the maximum relief obtainable by plaintiff, an action becomes moot and subject to dismissal because there exists no controversy pending court adjudication."); *Greif v. Wilson, Elser,*

*Moskowitz, Edelman & Dicker LLP*, 258 F.Supp.2d 157, 159-60 (E.D.N.Y. 2003); *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000).

Section 1692k of the FDCPA limits the liability of a "debt collector" to (1) actual damages sustained by the plaintiff due to the debt collector's violations; (2) "such additional damages as the court may allow, but not exceeding $1,000;" and (3) the "costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a). Under a plain reading of the statute, a plaintiff in a FDCPA case may recover actual damages as well as "additional damages" up to $1,000, plus costs and attorney's fees.

MCM's offer of judgment contemplates the maximum relief obtainable by Doyle is limited to the statutory maximum "additional" damages of $1,000 (plus a nominal $1), in addition to costs and attorney's fees. But an offer of the statutory maximum "additional" damages moots a FDCPA case only where the plaintiff does not assert any actual damages. *Compare Greif*, 258 F.Supp.2d at 159 ("In the complaint, the plaintiff does not allege any actual damages . . . . Thus, the plaintiff's maximum recovery is $1,000, plus costs of the suit and a reasonable attorney's fee.") *with Shepherd v. Law Offices of Cohen & Slamowitz, LLP*, 668 F.Supp.2d 579, 582 (S.D.N.Y. 2009) ("Here, plaintiff asserts that she sustained actual damages. . . . So $1,000 is not the limit of her maximum possible recovery on her FDCPA claim, and an offer of judgment in the amount of maximum *additional* damages is plainly insufficient to moot that FDCPA claim.") (emphasis in original).

The amended complaint is ambiguous as to whether the relief Doyle seeks is solely in the form of statutory damages. The opening paragraph states that Doyle "seeks statutory damages, attorney's fees, and costs." Am. Compl. ¶ 1. But the heart of the complaint describes the 22 to 28 telephone calls that Doyle received from MCM and alleges that "the

5

natural consequence of the receipt of MCM's telephone calls would have been to feel harassed, oppressed, or abused." *Id*. ¶¶ 9-34. Moreover, the complaint's prayer for relief requests damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(a), which includes subparagraphs addressing both actual and statutory damages.

This ambiguity was laid to rest during oral argument. Plaintiff's counsel represented that Doyle seeks relief in the form of statutory damages as well as actual damages. He further represented that the actual damages incurred were several dollars for the cost of the calls received. Defense counsel reiterated defendant's offer to pay Doyle $1,001, plus costs, disbursements and attorney's fees, and further agreed to pay the actual damages in the amount of $10 (rounding up from plaintiff's counsel's estimate). Plaintiff's counsel thereupon specifically agreed that the defendant's offer on the record provided for all of the relief Doyle was seeking in the case. Based on this representation, I concluded for the reasons discussed above that the case was moot. The defendant's motion to dismiss the case on that ground is therefore granted.

At the oral argument I suggested that it might be appropriate to enter judgment on consent. Upon further reflection, since the defendants' offer to pay all that the plaintiff seeks moots his FDCPA claim, entry of judgment on that claim seems inappropriate. What remains is the defendant's promise to pay Doyle $1,011, plus costs, disbursements and reasonable attorney's fees. As is customary with respect to accepted offers of settlement, I hereby direct the Clerk to close the case without prejudice to reopening in the event there are any disputes with regard to defendant's compliance with its promise. I specifically reserve jurisdiction over any such disputes.

## CONCLUSION

For the reasons stated above, MCM's motion to dismiss Doyle's amended complaint is granted and the Clerk is directed to close the case.

So ordered.

John Gleeson, U.S.D.J.

Dated: October 23, 2012
       Brooklyn, New York